IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

D'AARON WILLIAMS,                )
                                 )
       Plaintiff,                )
                                 )
vs.                              )    Case No. 16−cv−1265−MJR
                                 )
MOUNT,                           )
JANE DOE,                        )
JOHN DOE,                        )
HAYNES, and                      )
JANE DOE 2                       )
                                 )
       Defendants.               )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff D'Aaron Williams, an inmate in the Cook County Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for actions that occurred in the Jefferson County Detention Facility. Plaintiff requests declarative relief and monetary damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Amended Complaint**

Plaintiff originally filed this case on November 21, 2016. (Doc. 1). On December 19, 2016, he filed an Amended Complaint. (Doc. 4). The Federal Rules of Civil Procedure permit a Plaintiff to amend his complaint once as a matter of course within 21 days of serving it. FRCP 15(a). Here, Plaintiff's Complaint has not yet been served on Defendants. He will therefore be permitted to amend his Complaint, although the Court emphasizes, that having amended once, Plaintiff must now seek permission from the Court for any further amendments by filing a motion. The Court will review the Amended Complaint; the original Complaint is now a nullity.

Through a kiosk, Plaintiff told Hanes and Lt. Jane Doe 2, and a nurse that he needed his medication. (Doc. 4, p. 3, 6). Plaintiff has been taking medication for years. *Id*. Plaintiff also told Mount that he needed his medication. (Doc. 4, p. 1). On November 14, 2016, Mount told

Plaintiff "while you are housed in our facility, you will be under the care of your medical dept. Correctional staff cannot override the decision of the doctor." (Doc. 4, p. 6). Plaintiff alleges that Dr. John Doe denied him his medication. (Doc. 4, p. 2). Even after reviewing a copy of Plaintiff's medications from Cook County, and hearing about Plaintiff's mental health situation, the nurse refused to give Plaintiff his medications. (Doc. 4, p. 6). Without his medications, Plaintiff suffers from withdrawal symptoms. *Id.* Plaintiff got sick, but Jane Doe 1 would not provide treatment until she saw Plaintiff "shit." (Doc. 4, p. 1, 6).

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Defendants were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.

Plaintiff's Amended Complaint will be dismissed without prejudice at this time. In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and

quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here Plaintiff's Complaint is too vague. He has not identified what medical need his medication is supposed to address. He has also not alleged that he suffered any harm or injury from the denial of medication. It is not enough for Plaintiff to allege that he was entitled to treatment; Plaintiff must allege both that he suffered from a serious medical need and that Defendants had a culpable state of mind. Without knowing what condition the medication was supposed to treat, or what the effects of not having it were, Plaintiff has not alleged either. For these reasons, Plaintiff's Complaint will be dismissed without prejudice at this time. Plaintiff may file a Second Amended Complaint including more facts about his medical condition. As this Order grants Plaintiff leave to file a Second Amended Complaint, he need not file a Motion requesting that relief.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support a medical indifference claim, within 28 days of the entry of this order (on or before January 26, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended

Complaint must stand on its own, without reference to any other pleading.  Should the Second Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury.  *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: December 29, 2016**

s/ MICHAEL J. REAGAN
**U.S. District Judge**