IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D'AARON WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16−cv−1265−JPG |
| MOUNT, JANE DOE, JOHN DOE, HAYNES, and JANE DOE 2 | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff D'Aaron Williams, an inmate in the Cook County Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for actions that occurred in the Jefferson County Detention Facility. Previously, Plaintiff's Amended Complaint was dismissed without prejudice for failure to state a claim. (Doc. 6). Plaintiff has now filed a Second Amended Complaint. (Doc. 10). Plaintiff requests declarative relief and monetary damages. This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Second Amended Complaint**

Plaintiff originally filed this case on November 21, 2016. (Doc. 1). On December 19, 2016, he filed an Amended Complaint. (Doc. 4). The Court screened the Amended Complaint on December 29, 2016 and dismissed it without prejudice. (Doc. 29). On January 12, 2017, Plaintiff filed the Second Amended Complaint. (Doc. 10).

Plaintiff suffers from stress, depression, anxiety attacks, mood swings, and lack of sleep and appetite. (Doc. 10, p. 6). Through a kiosk, Plaintiff told Hanes and Lt. Jane Doe 2, and a nurse that he needed his medication. (Doc. 10, p. 3, 6). Plaintiff has been taking medication for years. *Id*. Plaintiff also told Mount that he needed his medication. *Id.* On November 14, 2016, Mount told Plaintiff "while you are housed in our facility, you will be under the care of your

medical dept. Correctional staff cannot override the decision of the doctor." *Id.* Plaintiff alleges that Dr. John Doe denied him his medication. *Id.* Even after reviewing a copy of Plaintiff's medications from Cook County, and hearing about Plaintiff's mental health situation, the nurse refused to give Plaintiff his medications. *Id.* Without his medications, Plaintiff suffers from withdrawal symptoms, including vomiting and fecal incontinence. (Doc. 10, p. 2). Plaintiff got sick from withdrawal, but Jane Doe 1 would not provide treatment until she saw Plaintiff "shit." *Id.* Plaintiff attributes his ability to remain calm and abstain from fighting to his mental health medication. *Id.*

## Discussion

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Defendants were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.

Plaintiff's Second Amended Complaint will be dismissed without prejudice at this time. In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may

constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Although now Plaintiff has clarified that he suffers from several mental health aliments, his Complaint is still too vague. Plaintiff has not identified the medication he was on. He has not identified which condition the medication he was deprived of was supposed to treat. Plaintiff does not even state that the medication he is discussing is medication to address his mental health needs. He has not told the Court how long he was deprived of his medication.[1] This information is necessary to evaluate whether Plaintiff has plausibly alleged that he suffered from a serious medical need. Although he implies that he vomited and suffered from the runs, Plaintiff has not described the duration or severity of those conditions. In short, Plaintiff's Second Amended Complaint still fails to make a plausible allegation that he suffered from a serious medical need. The Court will once again dismiss this case without prejudice and give Plaintiff one final chance to amend his complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support a medical

---

[1] At the time Plaintiff filed the original complaint, he was housed at Cook County jail once more, suggesting that his stay at Jefferson County lasted a week or less. In fact, his original complaint was signed a mere two days after Mount allegedly denied him medication. It is doubtful that such a short deprivation states a claim.

4

indifference claim, within 28 days of the entry of this order (**on or before May 17, 2017**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: April 18, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**